THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD WASHINGTON, Defendant-Appellant.

(No. 54292;

First District—April 28, 1971.

*Rehearing denied May 26, 1971.*

Clarold L. Britton and Michael P. Seng, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Michael Goldstein, and Nicholas A. DeJohn, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Donald Washington, was indicted and tried upon the charge of armed robbery. The court, however, submitted the cause to the jury only on the lesser offense of robbery. The jury returned a verdict of guilty of robbery. Judgment was entered on the verdict, and the defendant was sentenced to serve 2—5 years in the Illinois State Penitentiary.

On appeal, the defendant contends (1) that he was not proved guilty beyond a reasonable doubt; (2) that he was prejudiced when the State in its closing argument misstated evidence and argued facts outside the evidence; and (3) that the trial court committed reversible error when it submitted the issue of robbery to the jury and when it denied motions for "directed verdict and a mistrial."

Our consideration of the contention that the defendant was not proved guilty beyond a reasonable doubt requires that we set out the pertinent evidence. Willie Williams, a 15 year old high school student, testified that on February 16, 1968, he went to the Howard Style Shops at 1213 South Halsted Street to make a payment on a jacket. He arrived at approximately 5:30 P.M., and after he browsed for about five minutes, the defendant, whom he had never seen before, approached him and asked him whether he would like to purchase a pair of shoes at a bargain price. Washington was about a foot away from him and they were facing each other. He answered affirmatively. He then browsed for a little while longer, paid $10.00 on his account, and left the store. Outside, he was again approached by the defendant whom he told that he no longer cared to purchase the shoes. When he got to 12th Place, which "is kind of like an alley" the defendant, who had followed him, grabbed him about the neck and demanded the money in his wallet. When he refused to

hand over his wallet, the defendant took it from his pocket. The defendant then removed all of the money from the wallet except $5.00 and returned the wallet to him, and then ran east down 12th Place. Williams ran up and down Halsted Street until he found a police car. He told the police that he had been robbed and gave them a description of the defendant.

Harold Brunson, a salesman for the Howard Style Shops, testified that he saw Williams and the defendant enter the store at the same time. Williams stayed in the store from about 5:30 P.M. until 5:50 P.M., and during that time the defendant kept running in and out of the store and whispering to Williams. He said they left the store together. Approximately five minutes later he, Brunson, left the store to get his car. As he walked east on Maxwell Street, he saw the defendant running west. He got his car and returned to the store. When he arrived, he heard Williams telling a policeman about the robbery. Six days after the robbery the defendant and some friends entered the Howard Style Shops. Upon recognizing the defendant he left the store and hailed a policeman who arrested the defendant.

Sadie Taylor, the defendant's mother-in-law testified that the defendant worked in the fish market and restaurant which she and her husband owned from 1:00 P.M. to midnight on the day of the robbery. The defendant, testifying on his own behalf, denied committing the crime and stated that he started cleaning and serving fish at the market at 10:00 A.M. and that he did not leave the market between 4:00 P.M. and 7:00 P.M. He admitted that he had been convicted of robbery in 1968.

■■ When on appeal, a defendant raises the contention that he was not proved guilty beyond a reasonable doubt, a reviewing court must give a careful and independent consideration to the evidence presented at trial. If, because of the improbability, the unreasonableness or the unsatisfactory character of such evidence, a reviewing court does not regard the evidence sufficient to remove all reasonable doubt of a defendant's guilt, it is the duty of the reviewing court to reverse the conviction. (*People v. Nemes*, 347 Ill. 268, 179 N.E. 868, *People v. Coulson*, 13 Ill.2d 290, 149 N.E.2d 96.) A reviewing court, however, does not reweigh the evidence, and the positive testimony of a single witness, even though contradicted by the defendant, is sufficient to sustain a conviction in a criminal case. (*People v. Novotny*, 41 Ill.2d 401, 244 N.E.2d 182.) It is the function of the jury and not of a reviewing court to weight the testimony, to judge the credibility of the witnesses and to resolve conflicts in the evidence. *People v. Hairston*, 46 Ill.2d 348, 263 N.E.2d 840.

■■ In support of his contention that he was not proved guilty beyond

a reasonable doubt, the defendant argues first, that it is questionable whether a robbery ever occurred because Williams' story of the robbery and return of the $5.00 is so unusual and improbable, second that the inconsistencies between Brunson's testimony and Williams' testimony discredits Williams' testimony, and third, that he was mistakenly identified. This is the same argument which the defendant made to the jury which found him guilty beyond a reasonable doubt. The question here is essentially one of credibility. Just prior to the robbery, Brunson saw the defendant who was running in and out of the well lighted store. Williams saw and talked with the defendant in and out of the store, and he saw and spoke to his assailant during the robbery which occurred near five street lights. Both Williams and Brunson identified the defendant in court. Brunson also saw the defendant running after the robbery. Williams immediately reported the robbery to the police. The evidence, if believed by the jury, was sufficient to sustain the verdict.

■■■ The defendant next contends that the prosecution was guilty of prejudicial misconduct when it misstated evidence and argued facts outside the evidence in closing argument. The defendant first complains that he was prejudiced when the prosecution stated "[H]e [Williams] was pushed into what Mr. Brunson described was an alley, which is 12th Place," while in fact Williams testified only that he was walking across 12th Place which is "kind of like an alley" when the defendant grabbed him about the neck. No objection was raised to this statement. When a defendant fails to object to improper argument a court of review will not consider the contention that the defendant was prejudiced by closing argument unless it appears that the argument to the jury was so prejudicial that the defendant was deprived of a fair trial. (*People v. Hampton*, 44 Ill.2d 41, 253 N.E.2d 385.) Here the jury heard the testimony of Williams as well as the closing argument of the prosecution, and the jury was instructed to disregard any statements in closing argument not based on the evidence. In our opinion, it cannot be said either that the defendant was prejudiced or that the defendant was deprived of a fair trial on account of this argument.

■■ The defendant also argues that he was prejudiced when the prosecution stated:

"The other salesmen aren't here either. They didn't see Don [the defendant]. If they could recognize him, believe me they would be here."

The defendant objected to this statement. The court sustained the objection and instructed the jury to disregard statements in closing argument not based on the evidence. It is contended that the trial judge should have granted a motion for mistrial as a result of this statement. In

considering the prejudicial effect of this statement we must look to the arguments as a whole. (*People v. Moore,* 42 Ill.2d 73, 246 N.E.2d 299.) Defense counsel in his closing argument stated "* * * I ask you to also speculate, where are those other three salesmen who Bronson said were on the floor in Howard's Style Shop when Donald Washington was supposedly in and out four or five times." It has been frequently held that an attorney for a defendant cannot provoke a reply to his own improper argument and then claim that the defendant was prejudiced by the reply. (*People v. Weisberg,* 396 Ill. 412, 71 N.E.2d 671.) While the remark of the prosecutor could be termed improper, it was promptly stricken and the jury was instructed to disregard it. We are unable to say that the verdict would have been otherwise had this remark not been made. (See *People v. Nicholls,* 42 Ill.2d 91, 245 N.E.2d 771.) There were other remarks made by the prosecutor which the defendant claims were improper and prejudicial. No objections were raised to these remarks, and we believe they were not such as to deprive the defendant of a fair trial. *People v. Hampton,* 44 Ill.2d 41, 253 N.E.2d 385.

We now turn to the question of whether reversible error was committed in submitting the issue of robbery to the jury and in failing to grant a motion for mistrial. The defendant was indicted only on a charge of armed robbery, and it is stressed that the defendant was convicted of a crime for which he was not indicted. "Defendant was denied due process of law when the State proceeded to trial on an offense it knew could not be sustained."

The record reveals that on October 14, 1968, the prosecution moved to *nolle pros* the charge of armed robbery and to proceed on the included offense of robbery. It was pointed out that a *nolle pros* of the armed robbery charge would leave the prosecution without an indictment on which to proceed. The prosecution then moved to amend the indictment to charge the defendant with the offense of robbery instead of armed robbery. Defense counsel objected to the amendment, and the motion to amend was denied. The cause was continued, and the trial commenced on January 22, 1969.

At the close of the State's case, the defendant's motion for a directed finding on the charge of armed robbery was granted. The trial judge, however, decided to submit the cause to the jury on the included offense of robbery. Motions by the defendant for a directed verdict on the included offense of robbery and for mistrial were denied. After much discussion, the court gave the defendant the following options: he could have the jury informed that a finding of not guilty to armed robbery had been entered or, if he preferred, the jury would not be informed of the directed verdict, but would receive instructions and

form verdicts referring only to the included offense of robbery. At the close of all the evidence, a defense motion for a directed verdict on the charge of robbery was denied. By agreement of the parties, the jury received instructions and form verdicts referring only to the included offense of robbery. The defendant chose to have no mention made to the jury regarding the armed robbery charge.

An indictment for a particular offense operates as an indictment on all included offenses even though the included offenses are not specifically set forth in the indictment. (*People v. Ostrand*, 35 Ill.2d 520, 221 N.E.2d 499.) Consequently, when an offense charged in an indictment embraces an included offense a defendant may be convicted of the lesser offense under the indictment even though the evidence was insufficient to prove the defendant guilty beyond a reasonable doubt of the higher offense. (*People v. Lewis*, 375 Ill. 330, 31 N.E.2d 795.) Here the defendant was indicted on a charge of armed robbery. At the close of the State's case the trial judge found that the evidence was insufficient to sustain a verdict of guilty to the offense of armed robbery. The trial judge submitted the cause to the jury with instructions and verdict forms on the offense of robbery. Under the indictment it was proper to submit to the jury any and all offenses which were included within the offense of armed robbery.

An included offense is defined in Section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38 par. 2—9) which provides:

"'Included offense' means an offense which (a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both) than that which is required to establish the commission of the offense charged, or

(b) Consists of an attempt to commit the offense charged or an offense included therein."

Armed robbery is defined in Section 18—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38 par. 18—2) (a) which provides:

"A person commits armed robbery when he violates Section 18—1 while armed with a dangerous weapon."

Robbery is defined in Section 18—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38 par. 18—1(a)) which provides:

"A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force."

A person commits armed robbery by definition when he commits robbery "while armed with a dangerous weapon." To prove the commission of an armed robbery the State must prove that a robbery was committed and in addition that the robbery was commited with a

dangerous weapon. Since robbery is established by proving less than all the facts necessary to prove the commission of an armed robbery, it is an included offense of armed robbery within the meaning of the Criminal Code of 1961. The defendant was indicted for armed robbery and he was properly convicted of the included offense of robbery.

■■ Here all the evidence admitted at trial to prove armed robbery was also admissible to prove robbery, and consequently no evidence was introduced which would not have been admitted had the charge been only robbery. The closing argument referred only to the charge of robbery; the instructions to the jury related only to the charge of robbery; and the form verdicts submitted to the jury presented the jury only with the question of the defendant's guilt or innocence to the charge of robbery. It cannot be said on this record that the defendant was prejudiced because the State proceeded on the indictment for armed robbery.

For the reasons set forth above the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and DIERINGER, J., concur.