THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
NAT KING COLE, Defendant-Appellant.

Fifth District    No. 5—86—0516

Opinion filed May 5, 1987.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, Nat King Cole, was convicted of unlawful delivery of a controlled substance, less than 10 grams of cocaine, in violation of section 401(c) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c)) by a jury in the circuit court of Jackson County. Defendant was sentenced to probation for a period of 24 months. As incidents of that probation, defendant was ordered to serve home confinement for 90 days when he was not working, to pay a fine of $350 (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1), and to pay a fine of $200, the street value of the controlled substance (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1.1). The court granted defendant $10 credit against his section 5—9—1 fine for the two days defendant was incarcerated on the unlawful-delivery charge pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 110—14).

On appeal, defendant's only contention is that he is also entitled to $10 credit against his section 5—9—1.1 fine based on the same dates, May 7 and May 8, 1985, he was incarcerated for which he re-

ceived credit against his section 5—9—1 fine. This court finds that the issue raised in the case at bar is similar to the issue raised in *People v. Atteberry* (1987), 153 Ill. App. 3d 10, and the reasoning in that decision is applicable to the issue raised by defendant in the case at bar.

In *Atteberry*, defendant was convicted of burglary and was sentenced to probation. As incidents of probation, defendant was sentenced to pay a $500 fine (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1) and to pay a $20 fine to the Violent Crime Victims Assistance Fund (Ill. Rev. Stat. 1985, ch. 70, par. 510). On appeal, Atteberry contended that he was entitled to $15 credit against both his section 5—9—1 fine and his Violent Crime Victims Assistance Act fine by reason of his incarceration from June 5 through June 7, 1984. This court found that defendant was entitled to $15 credit only against his section 5—9—1 fine. This court reasoned:

> "Defendant is not entitled to $15 credit as he has been credited for the June 5 through June 7, 1984, period against the fine imposed pursuant to section 5—9—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—9—1). Section 110—14 states, in relevant part, 'Any person *** against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated ***.' The statute does not provide that one credit should be granted against all fines. The fines imposed pursuant to the Unified Code of Corrections are separate and distinct from the fines imposed pursuant to the Violent Crime Victims Assistance Act." *People v. Atteberry* (1987), 153 Ill. App. 3d 10, 14.

The fines imposed pursuant to sections 5—9—1 and 5—9—1.1 are separate and distinct, as the legislature specifically provided in section 5—9—1.1 that upon conviction for certain offenses, *"in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the cannabis or controlled substances seized."* (Emphasis added.) Therefore, this court concludes that defendant is not entitled to $10 credit against both his section 5—9—1 fine and his 5—9—1.1 fine for the same two days defendant was incarcerated prior to being released on a $3,000 recognizance bond.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

KARNS, P.J., and HARRISON, J., concur.