(No. 66729.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES LUSIETTO, Appellant.

*Opinion filed September 20, 1989.*

Robert Agostinelli, Deputy Defender, and Catherine M. Fitzsimmons, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and David E. Bindi, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

Following a plea of guilty in the circuit court of La Salle County to a charge of unlawful delivery of a controlled substance, cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)), the defendant, James Lusietto, was sentenced to 11 years' imprisonment and was fined $8,290 (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1). The defendant appealed, contending that the fine mandated by statute was improperly calculated. The appellate court, with one judge dissenting, basically affirmed imposition of the fine as determined by the trial court. (167 Ill. App. 3d 251.) We granted the defendant's petition for leave to appeal (107 Ill. 2d R. 315).

On December 6, 1985, the defendant went to the home of a man, who unknown to him was a police informant, to conduct a drug sale. While being covertly monitored by electronic surveillance equipment, the defendant produced 2.5 ounces of cocaine for sale to the informant. There was no evidence that a sale price had been agreed upon when the defendant was arrested.

As stated, the trial court accepted the defendant's plea of guilty, sentenced him to 11 years' imprisonment and imposed a mandatory street value fine of $8,290 (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1). In calculating the street value of the drugs seized, the court relied on testimony of the arresting narcotics officer that cocaine is typically sold to the user by the gram and that the usual price paid for a gram is $100. Police testimony showed that the amount of cocaine seized at the informant's home was 2.5 ounces, or 69.5 grams. There had

been an earlier sale by the defendant to the informer, and it could be inferred from the terms of that sale that resale of these drugs by the informer, and not use by him, was contemplated. He himself was to be a supplier and not a user at the street level. An additional one-half ounce, or 13.4 grams, was seized at the defendant's home in a search following the arrest. The trial court calculated the street value of the 82.9 grams to be $8,290, the fine imposed.

On appeal to the appellate court, the defendant challenged the trial court's basis for determining street value, saying that the calculation should have been based on the evidence of the price the defendant was to pay for the cocaine, $1,900 per ounce. The defendant did not testify at trial, but the investigating officer testified that, while in custody, the defendant stated that he was to pay his supplier $1,900 per ounce for the cocaine. The defendant also argued that the trial court exceeded its sentencing authority when it ordered him to pay an additional amount as a fine based on the one-half ounce of cocaine found at his residence and for which he was separately charged and had pleaded guilty. Too, the defendant argued that his fine should be reduced so as to reflect a $5-a-day credit for his pretrial incarceration. Ill. Rev. Stat. 1987, ch. 38, par. 110—14.

The appellate court approved the trial court's calculation of street value on the agent's testimony, rather than on the price to be paid by the defendant to his supplier. The appellate court also correctly modified the amount of the fine, holding that the cocaine seized from the defendant's home should not have been included in the calculation of the fine since it was the subject of a separate prosecution. The appellate court stated, too, that the defendant was entitled to a $105 credit to reflect his pretrial incarceration.

The issue on this review is whether, for the purpose of determining the mandatory fine under section 5—9—1.1 of the Unified Code of Corrections, the street value of the drugs seized was, on the evidence, properly determined through the testimony of an experienced narcotics officer to be $100 per gram. In other terms, was street value to be based on the usual price paid by the user-consumer, as established by the testifying officer, or was it to be based, as the defendant argues, on the price to be paid by the defendant to his supplier for the drugs?

Section 5—9—1.1 provides for a mandatory fine in drug-related offenses:

"When a person has been adjudged guilty of a drug related offense involving *** possession or delivery of a controlled substance *** a fine shall be levied by the court at not less than the full street. value of the *** controlled substances seized.

'Street value' shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized and such testimony as may be required by the court as to the current street value of the *** controlled substance seized." Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1.

The defendant contends that the appellate court erred in its calculation of the fine, saying the best evidence of the value of the drugs seized was the evidence of the actual price he was to pay his supplier for the drugs, *i.e.*, $1,900 per ounce. The defendant argues that the testimony of the narcotics officer that cocaine is typically sold in one-gram units for $100 per gram establishes only an average value for cocaine and is not sufficient to establish that the street value of these particular drugs was $100 per gram. It is speculative to conclude that the drugs could have been sold at that price, he says, in the absence of evidence of the purity level of the drug or the price agreed upon by the defendant and the informant.

The defendant argues that the evidence of price in a recent sale to him is solid evidence of the drugs' value and should be controlling.

The defendant states that his interpretation of street value is supported by the *People v. Dale* (1985), 137 Ill. App. 3d 101, and *People v. Beavers* (1986), 141 Ill. App. 3d 790, decisions, where the court held that street value is the price of drugs on the street in a sale between a willing seller and a willing buyer. The defendant says that the price paid at a recent sale is considered the most important factor in determining present value (*City of Chicago v. Bank of Ravenswood* (1981), 93 Ill. App. 3d 52, 56) and is practically conclusive on the issue (*People ex rel. Korzen v. Belt Ry. Co.* (1967), 37 Ill. 2d 158, 161).

The appellate court's calculation of street value was correct. The testimony of the narcotics officer as to the price typically paid by the ultimate purchaser, the user, for a gram of the drug was proper evidence under the circumstances here to establish street value and follows the legislative intendment as expressed in section 5—9—1.1. The statute in part provides that "street value shall be determined on the basis of such testimony as may be required by the court as to the current street value of the controlled substance seized." In an ordinary sale situation, of course, evidence of a recent or contemporaneous sale may be the best evidence of value. In illicit sales of drugs, however, where transactions take place in a clandestine atmosphere and where the drugs move through a chain of criminal distributors before they reach the ultimate user, a determination of value will be obviously different from valuation in a lawful sale. Also, considering that the obvious purpose of the mandatory fine called for in section 5—9—1.1 is to discourage and impede the illegal buying, selling and using of drugs, it is clear that the proper standard of valuation is that which would approximate the profit that a defendant

would realize from the sale of the drug at its full street value. Significantly, the legislature provided that the mandatory penalty was to be in an amount "not less than the full street value" of the drug seized. The legislature intended that the valuation of the drug would be based on the full amount that an offender could realize for the drug on the street.

The court in *People v. Dale* (1985), 137 Ill. App. 3d 101, 106, recognized that street value was different from the market value or the fair cash value in an ordinary transaction and that the term could not be more precisely defined because of the illegal nature of the transaction and because of the clandestine nature of the activity. The court noted that the statute's standard was not unfair because: "If convicted, he [the offender] will sit in court and hear the police give their opinions of what the going illegal price is, and he may cross-examine them and contribute his own opinion if he so chooses." (*Dale*, 137 Ill. App. 3d at 107.) The court in *Dale* recognized that the determination of street value would be based on testimony of law enforcement personnel as to the current price of the drug based on the experiences of the officer on the street, with the defendant having the opportunity to challenge that testimony through cross-examination and introduction of his own testimony. We reviewed *Dale* (*People v. Dale* (1986), 112 Ill. 2d 460), but the question of street value was not an issue.

As stated, under the statute, a defendant may introduce evidence as to the street value of the drugs. The defendant did not offer testimony as to the value of the drugs nor did he attempt to cross-examine the officer who testified. (See, *e.g., People v. Pilcher* (1986), 147 Ill. App. 3d 193.) If a defendant does not cross-examine or introduce contrary testimony, it is not unreasonable for a trial court to accept the testimony of a narcotics officer as to the street value of drugs seized if the officer has

sufficient special knowledge and familiarity with the controlled substance to assist the court in determining the proper fine. (*People v. Wiley* (1988), 174 Ill. App. 3d 444, 453; *People v. Roundtree* (1985), 135 Ill. App. 3d 1075, 1082, *appeal dismissed* (1987), 115 Ill. 2d 324; but see *People v. Carrasquilla* (1988), 167 Ill. App. 3d 1069.) In this case the testifying officer had been on the narcotics squad for 16 years and there was nothing in the record to indicate that he was not sufficiently knowledgeable and familiar with the current price of street drugs. We note, additionally, that the opinion of a testifying officer must be reasonable in light of all the evidence. See, *e.g., People v. Beavers* (1986), 141 Ill. App. 3d 790.

As we observed, in drug sales there is that illegal chain of distribution. It begins with the first supplier of the drugs and ends with the street buyer who uses the drugs. Others in the chain are intermediate suppliers or sellers and their prices are not at street value. The defendant and his supplier, as well as the informer himself, were intermediate suppliers. The fine proposed by the defendant, therefore, does not reflect the full street value of the drugs seized. For the reasons given we affirm the judgment of the appellate court.

*Appellate court judgment affirmed.*

JUSTICE RYAN took no part in the consideration or decision of this case.