THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NATHAN TREGER, Plaintiff in Error.

*Opinion filed February 18, 1926.*

CRIMINAL LAW—*when a defendant found guilty of manslaughter cannot complain that he was not found guilty of murder.* Where a defendant is indicted for murder and is found guilty of manslaughter under evidence upon which a manslaughter verdict can be returned, the fact that the evidence would have justified the jury in finding the defendant guilty of murder is not a matter of which he can complain.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HOSEA W. WELLS, Judge, presiding.

STANSBURY & CLOUD, (MAX HALEFF, and GEORGE F. CALLAGHAN, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and MERRILL F. WEHMHOFF, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty of manslaughter under an indictment in the criminal court of Cook county charging him with the murder of Samuel King by shooting him with a pistol. The evidence in the record consists of the testimony of eye-witnesses to the shooting and the statement of plaintiff in error made to the police after his capture. No evidence was offered on his behalf concerning the charge.

It appears from the testimony of the State's witnesses that plaintiff in error, who had been separated from his wife by reason of domestic difficulties, arrived at the apartment where she was living and where they had both formerly lived at about twelve o'clock on the night of April 6, 1922, and demanded admission. There were present in the

room at that time, Lillian Davidson, Abe Burger, Lucille Treger, wife of plaintiff in error, and the deceased. The deceased was lying on the bed in his night clothes or undergarments and bathrobe. The wife of plaintiff in error, on the latter's demand that the door be opened, replied that she was afraid. The deceased then said, "Let him in; you don't have to be afraid." The evidence further is that plaintiff in error stepped in, and seeing the deceased said to him: "So you are taking my place; did you say you were going to bump me off?" Plaintiff in error thereupon pulled his revolver and began shooting. After the shooting started Davidson and Burger ran out of the room. The coroner's physician testified that when he was called to the place of the shooting he found the body of the deceased in a partly kneeling position on the floor next to the bed; that there was some blood on the bed; that there was a bullet hole through the mattress, and that on moving the bed he found the bullet on the floor. He also testified that there were four bullet holes through the body of the deceased. Some two years thereafter plaintiff in error was arrested in Stillwater, Minnesota, and returned to Chicago. He made a statement to the police, which was read in evidence on stipulation of counsel. This statement said that he knew that the deceased was a slugger; that some time prior to the night of the killing he had had trouble with him and that the deceased had given him a beating; that at the time he went to the flat and found the door locked he heard his wife talking to a man inside; that when he was let in the deceased was on the bed wearing plaintiff in error's bathrobe and Mrs. Treger was in a negligee; that as he walked toward the bed the deceased walked toward him, and he (Treger) pulled a revolver from his coat pocket and said, "Stay away; you are in my home;" that the deceased leaped at him and missed him, and Treger started to shoot and the deceased fell to the floor. This is the substance of the evidence in the case.

Plaintiff in error seeks a review of the record here, assigning as error that there was no competent evidence sustaining the verdict; that there was reasonable doubt of the defendant's guilt; and that prejudicial and erroneous instructions were given the jury.

It is earnestly argued here that the crime in this case was murder, if anything, and that there was no evidence in the record justifying the return of the verdict of manslaughter. Where the record contains evidence upon which a manslaughter verdict can be returned, the fact that the evidence would have justified the jury in finding the defendant guilty of murder is not a matter of which he can complain. (*People* v. *Clements,* 316 Ill. 282; *People* v. *White,* 311 id. 356.) While the testimony of one of the witnesses for the State was to the effect that King was lying in bed when Treger shot him, plaintiff in error's statement read into the record was that King sprang toward him before he (Treger) drew his revolver. While the jury evidently did not consider the statement of plaintiff in error sufficient to justify an acquittal on the ground of self-defense, they may have considered it evidence that the killing was in the heat of passion and lacked the deliberation necessary to constitute the crime of murder. The jury were on this record justified in returning a verdict of manslaughter.

A number of instructions are complained of, but a reading of the instructions as a series discloses that there was no prejudicial error in instructing the jury. The evidence fully sustains the verdict. There was no defense. With such a record the court would not be justified in reversing the judgment unless the error complained of was so prejudicial as to deprive the accused of a fair trial. There is no such error in the record.

The judgment of the criminal court will be affirmed.

*Judgment affirmed.*