(No. 36035.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MELVIN McCRORY, Plaintiff in Error.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

HOWARD D. GALPER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Defendant was indicted and tried by a jury for murder. He was found guilty of manslaughter and was sentenced to the penitentiary for a term of not less than one year nor more than 14 years. On this writ of error, he contends (1) that the court erred in giving its instruction concerning involuntary manslaughter, (2) that the evidence does not support the verdict, and (3) that the court erred in admitting evidence of threats made by the defendant against persons other than the accused.

It is undisputed that, at approximately midnight on the night of November 21, 1959, one Walter Meyers was shot and killed by the defendant, who carried a revolver. The body was found in the kitchen near the rear porch of a house in Maywood, Illinois, in which Meyers lived with one Alberta Price. A 12-gauge shot-gun was found under the deceased's arm.

Defendant's wife, Peaches, the sister of Alberta Price, had deserted him about a month before the shooting and had gone to California. There was evidence that defendant was very chagrined at his wife's desertion, that he blamed her brothers and sisters for it, and that he had made threats to a number of them, who were present at the house at the time of the shooting. There was also testimony to the effect that defendant and Meyers had been together earlier in the evening, and that Meyers had told defendant that Alberta Price didn't want defendant at her house.

The principal witnesses for the State were persons who were in the house occupied by Meyers and Alberta Price at the time of the shooting. From their testimony, it appears that defendant knocked on the rear door, which was answered by Meyers. Meyers remonstrated with defendant for coming, telling him that Alberta Price didn't want him there, and asked him to leave. Defendant did not leave, but asked why he couldn't come in and asked to see certain other persons who were in the house. A shot was fired, which resulted in the death of Meyers. None of the State's witnesses knew anything about the shotgun which was found near the body.

The defendant's testimony as to the occurrence was that Meyers answered the door, then left and went into a bedroom and returned to the door with a shotgun, and that defendant shoved the shotgun aside and, in so doing, hit his pocket, and defendant's gun went off, and Meyers fell.

Defendant's basic contention on this writ of error is that, under the evidence, either he was guilty of murder, or else the killing was in justifiable self-defense. Thus he argues that the court erred in giving an instruction concerning involuntary manslaughter, and that a verdict finding him guilty of manslaughter is not supported by the evidence.

The instruction complained of is as follows: "The court instructs the jury, in the language of the statute, that in-

voluntary manslaughter shall consist in the killing of a human being without any intent to do so, in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner."

Defendant, citing *People* v. *Newman,* 360 Ill. 226, contends that there was no evidence upon which to base this instruction and, therefore, the giving of it was erroneous. We are met at the outset by the contention of the People that, since neither the abstract nor the record affords any clear indication as to which party tendered the instruction, this assignment of error is not available. In reply to this contention, defendant has filed an additional abstract of record purporting to show that the instruction in question was given by the court over the objection of the defendant. The only intimation in the record to this effect is in the argument of defense counsel on his post-trial motion. We have some question as to whether a statement by counsel in argument on a post-trial motion, unsupported by anything else in the record, should be deemed sufficient indication as to the party at whose instance the instruction was given to preserve the question for review. We do not, however, find it necessary to determine this question, since, in our view, the evidence justified the instruction.

Defendant argues that the killing was in self-defense and that he was guilty of no crime, but asserts that if the evidence proves him guilty of anything, it was murder and not involuntary manslaughter. He contends that the involuntary manslaughter instruction was unwarranted, first, because he was not committing any unlawful act, and, second, that even if he were committing an unlawful act it was not the proximate cause of the killing. There is, however, ample evidence in the record that, at the time of the shooting, defendant was in the commission of two unlawful acts, carrying a concealed firearm (Ill. Rev. Stat. 1959, chap. 38, par. 155) and criminal trespass. (Ill. Rev.

State. 1959, chap. 38, par. 565.) Defendant, while reluctantly conceding that it is arguable that he was committing these two technically unlawful acts, quotes *People* v. *Mulcahy,* 318 Ill. 332, to the effect that to "convict one of manslaughter for killing a person while in the commission of an unlawful act the State must show more than a mere coincidence of time and place between the wrongful act and the death. [Citation.] It must also show that the unlawful act was the proximate cause of the killing."

We are unable to agree with defendant's assumption that his unlawful acts had no more connection with the killing than "a mere coincidence of time and place," nor do we think that an analysis of *People* v. *Mulcahy,* 318 Ill. 332, supports defendant's position. In that case a policeman who had accidentally shot and killed his female companion was tried and convicted of involuntary manslaughter. Evidence was admitted over defendant's objection that there was gambling in progress at the building where the shooting occurred, and also that there was at least one drunk and disorderly person. This evidence, together with the instructions given by the trial court, led the jury to believe that the failure of the defendant to arrest the persons who were gambling or who were drunk and disorderly was the commission of an unlawful act on which a conviction of involuntary manslaughter could be based. We reversed on the ground that there was no causal connection between the defendant's failure to arrest and the killing, but only a coincidence of time and place. Significantly, the opinion indicated that the instruction given in the *Mulcahy* case pointing out that drunkeness was a misdemeanor would have been proper had it been limited to the question of the defendant's own drunkeness.

The present case is easily distinguishable from *People* v. *Mulcahy.* In that case there was absolutely no causal connection between the defendant's failure to arrest and the

shooting. Here, on the contrary, there is a direct causal connection between defendant's possession of a gun and his unlawful presence on another's premises after being asked to leave, and the shooting. In the absence of either unlawful act, the fatal shooting would not have occurred. Despite defendant's contention that the evidence proves him guilty of either murder or nothing, his own testimony shows a direct causal connection between his carrying a concealed weapon and the shooting, while negating the malice essential to sustain a conviction of murder. There was also evidence that defendant had directed threats against certain persons who were in the house, and that he came to the house and remained there after being told to leave. These facts were sufficient to warrant giving the manslaughter instruction.

In our opinion, the instruction with respect to involuntary manslaughter was justified by the evidence, and the trial court did not err in giving the instruction. What we have said on this point also disposes of defendant's contention that the evidence is insufficient to sustain a conviction of involuntary manslaughter.

Defendant's final contention is that the trial court erred in admitting testimony regarding threats made by defendant against persons other than the deceased. This evidence showed that defendant had threatened some of his wife's brothers and sisters, who were present in the house at the time of the shooting. We think that, under the circumstances, this evidence was admissible to show the frame of mind with which defendant came to the house and to refute the claim of self-defense. *People* v. *Andrews,* 327 Ill. 162; *People* v. *Osborne,* 278 Ill. 104.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*