THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY GORE, Defendant-Appellant.

Third District   No. 77-290

Opinion filed May 24, 1979.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

A jury in the Circuit Court of Peoria County found defendant guilty of attempt murder and aggravated battery. Judgment was entered on the attempt conviction only, and defendant was sentenced to 3 to 9 years imprisonment.

The basic facts of this case are not in dispute. On the morning of November 24, 1976, the victim, Tyrone Terrell, was sitting in his auto in

front of his home. Defendant pulled his auto alongside Terrell's and fired three quick shotgun blasts, one of which struck and seriously injured the victim. Defendant testified he had no intention of shooting or killing Terrell when he went to his home on the morning in question, but only wished to warn Terrell, who had physically beaten defendant on three prior occasions, to leave him alone. According to defendant, the first shot he fired was an unaimed warning shot and the second and third shots were fired because he feared Terrell was reaching for a gun. The jury was given a proper self-defense instruction.

Defendant first claims the jury was improperly instructed on the charge of attempt murder. The instructions given were clearly erroneous, being the same combination of attempt and murder instructions found improper by our supreme court in *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28, on the grounds they allowed the jury to find a defendant guilty of attempt murder without finding he had a specific intent to kill. Defendant in the instant case objected to the murder instruction which was given, but not on the grounds he now raises on appeal. Defendant did not object to the attempt instruction, nor did he raise the issue in his post-trial motion. Thus, the question confronting us is whether defendant waived the error he now alleges by failing to raise it in the trial court.

The supreme court recently considered this precise question in *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331. The defendant in *Roberts* failed to object to the erroneous attempt instruction in the trial court, but asked the court of review to consider the error under Supreme Court Rule 451(c) which provides:

"(c) Instructions in criminal cases shall be tendered, settled, and given in accordance with section 67 of the Civil Practice Act, but substantial defects are not waived by failure to make timely objections thereto if the interests of justice require." (Ill. Rev. Stat. 1977, ch. 110A, par. 451(c).)

The *Roberts* court declined to consider the issue under 451(c), stating that the exception to the general rule of waiver is a very limited one which is applicable only in the rare case where the evidence is "closely balanced" and it is clear that the defendant was denied a fair and impartial trial. The court concluded:

"The instruction was bad in that it told the jury that a person may commit the crime of murder when he has not only the intent to kill, but also when he has certain mental states other than an intent to . kill. However, the inclusion of these other mental states in the nonmandatory definitional instruction does not constitute 'grave error' contemplated by the cases cited, which have applied the limited exception to the waiver rule provision of our Rule 451(c). In this case it is not necessary 'as a matter of grace' to apply this

limited exception to assure the defendant a substantial means of enjoying a fair trial, and the evidence in this case is not 'closely balanced.' " *Roberts*, 75 Ill. 2d 1, 14-15, 387 N.E.2d 331, 337.

■■ We believe the reasoning of *Roberts* is applicable to the case at bar. The evidence as to defendant's intent in the instant case was not closely balanced. Although defendant claimed his first shot was not intended to kill Terrell, the evidence indicated it was fired at a range of two feet from the victim and the blast shattered the driver's side window of the auto in which the victim was sitting. Shortly after the incident defendant told police, "I'm only sorry about one thing and that's that I did not kill him." Defendant's girlfriend, the victim's sister, testified defendant had threatened to kill her brother on several occasions and that after the incident he told her if he had it to do all over again he would make sure that Tyrone was dead.

Based on this evidence, we cannot say that defendant was denied a fair and impartial trial as a result of the erroneous attempt murder instructions. Defendant's intent to kill was established beyond a reasonable doubt. Mr. Justice Stevens has noted:

> "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." (*Henderson v. Kibbe* (1977), 431 U.S. 145, 154, 52 L. Ed. 2d 203, 212, 97 S. Ct. 1730, 1736.)

The case at bar is not the rare case which merits an exception to the well established and justified rule requiring the defendant to object in the trial court to any instructions he feels are improper.

■■ Defendant next contends the trial court erred in failing to instruct the jury on the offense of attempt voluntary manslaughter. Whether there is such a crime as attempt voluntary manslaughter in this State is a matter of question. In *Moore v. People* (1893), 146 Ill. 600, 35 N.E. 166, and *People v. Weeks* (2d Dist. 1967), 86 Ill. App. 2d 480, 230 N.E.2d 12, courts held that the specific intent required for an attempt conviction is inconsistent with the existence of sudden and intense passion, as required for a voluntary manslaughter conviction under section 9—2(a) of our Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 9—2(a)). However, defendant suggests that a person could be guilty of attempt under section 9—2(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 9—2(b)), which provides:

> "(b) A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable."

We need not decide this question, however, for defendant raises the issues

for the first time on appeal. (*Roberts*; *People v. Underwood* (1978), 72 Ill. 2d 124, 378 N.E.2d 513.) Defendant did not tender an instruction on attempt voluntary manslaughter, nor did he object to the instructions which were given.

■■ As noted in the previous discussion, failure to object to improper instructions or to tender proper instructions constitutes a waiver of the error for purposes of appeal in all except rare cases. (*Roberts*.) There is even more reason than on the previous issue to hold that defendant waived any error by failing to tender the proper instruction. It may well have been part of the defense strategy to preclude the jury from reaching a compromise verdict of attempt voluntary manslaughter, rather than a verdict of attempt murder or an acquittal. Under such circumstances, it could have been reversible error for the trial court to give the instruction *sua sponte*. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227; *People v. Spataro* (3d Dist. 1978), 67 Ill. App. 3d 69, 384 N.E.2d 553.) Therefore, we hold that any error resulting from the trial court's failure to instruct the jury on attempt voluntary manslaughter was waived by the defendant's failure to tender a proper instruction.

For the reasons stated above, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.