(No. 84354.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROLANDO GARCIA, Appellee.

*Opinion filed November 18, 1999.*

266

BILANDIC, J., dissenting.
RATHJE, J., joined by HARRISON, J., also dissenting.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Kenneth T. McCurry, Veronica Ximena Calderon and Theodore Fotios Burtzos, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Deidre Baumann, of the Office of the State Appellate Defender, of Chicago, for appellee.

CHIEF JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Rolando Garcia, was charged with a single count of possession of a controlled substance with intent to deliver. 720 ILCS 570/401(a)(2)(A) (West 1994). Following a jury trial in the circuit court of Cook County, defendant was convicted of the lesser-included offense of possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 1994)) and sentenced to seven years' imprisonment. The appellate court reversed. 292 Ill. App. 3d 685. We allowed the State's petition for leave to appeal (177 Ill. 2d R. 315(a)) and now reverse the decision of the appellate court.

## BACKGROUND

The appellate court provided a full accounting of the facts in the present case. We will repeat only those facts that are relevant to the issues before us. The evidence in this case established that, on the morning of September 16, 1994, Chicago police officers executed an arrest warrant for a person named "Hygie," as well as a search warrant for a residence located at 5520 South Francisco in Chicago. When the police arrived at the house, they were met by Alfredo Aguilar. While searching the unfinished basement, the police found dirty adult clothing, a laundry area, a bed in a sleeping area, and a pool table.

One officer opened a utility closet along a wall of the basement and found a gas meter, and a small box of plastic sandwich bags on a ledge several inches over the inner door of the closet. The box contained 24 small plastic bags of a white, rock-like substance, a small scale, some mail, traffic citations and court summonses issued to defendant. The traffic citations indicated that, on July 23, 1994, defendant lived at that address. The court summonses were dated September 12, 1994, and issued to defendant at that address.

Officer Ethel Scherr testified that, on September 29, 1994, she and her partner responded to a call regarding a suspicious van containing two occupants in the 5400 block of South Rockwell. When Officer Scherr approached the van and asked defendant for some identification, he could produce none, and was taken to the police station. At the police station, defendant told the police his name and address, 5520 South Francisco. Officer Scherr testified that defendant did not seem surprised when told of an outstanding narcotics warrant for his arrest. Defendant admitted the police had been to his home recently. During this inquiry, defendant showed the officers a tattoo on his arm which read, "Hygie."

The defense called two of defendant's friends as witnesses. Michael Bagain testified that on the day of the police raid defendant resided on Archer Avenue in Summit, Illinois. Also on the day of the raid, Bagain purchased cocaine from Aguilar at 5520 South Francisco. Timothy Goheen testified that defendant moved into Goheen's apartment on Archer Avenue in Summit sometime in September 1994.

After the parties rested, the attorneys met with the trial judge to discuss what instructions should be given to the jury. When the court asked defense counsel whether he was offering an instruction on the lesser-included offense of possession of a controlled substance, defense counsel answered in the negative.

The trial court then referred to the case of *People v. Brocksmith*, 162 Ill. 2d 224 (1994), and admonished defendant of his right to determine whether he wanted to request a jury instruction on the lesser-included but uncharged offense. The court reviewed the charged offense and potential sentence and identified the lesser-included offense and potential sentence. Defendant stated that he agreed with his lawyer's decision and did not want to request a lesser-included offense instruction. The court then asked defendant his age and educational background, establishing that defendant was 21 years old and had completed twelfth grade. The court told defendant and the parties that it had a responsibility to give the jury a lesser-included offense instruction *sua sponte* if the evidence warranted it. The court summarized the evidence, noting the small amount of narcotics recovered, and found that the evidence warranted a lesser-included offense instruction. The court held that such an instruction was "fair under the circumstances of this case." The court stated it had the authority and discretion to order such instruction and was going to do so, despite defendant's objection. The jury subsequently found defendant guilty of possession of a controlled substance.

Defendant filed a motion for a new trial, in which he argued that the court erred in submitting a jury instruction *sua sponte* on the lesser-included offense of possession of a controlled substance. After providing the justification for its earlier reasoning, the trial court denied defendant's motion for a new trial. The appellate court reversed the judgment of the trial court, and we granted the State leave to appeal.

## ANALYSIS

On appeal, the State maintains that the trial court could give the jury an instruction, *sua sponte*, on the lesser-included offense of possession of a controlled

substance. Defendant argues that the trial court could not give an instruction on a lesser-included offense where the State did not request the instruction and defendant strenuously objected. As we will explain, however, this court's long-standing precedent supports the trial judge's conclusion that he possessed the discretion to instruct the jury, *sua sponte*, on the lesser-included offense.

In *People v. White*, 311 Ill. 356 (1924), defendant was indicted for the murder of William Motley. Defendant was involved in an altercation with Motley, during which Motley was shot in the forehead. Defendant denied that he had a gun, or shot Motley during the altercation. On the other hand, witnesses for the State testified that defendant was armed with a gun. The trial court instructed the jury on murder and the lesser-included offense of manslaughter. The jury returned a verdict of guilty of manslaughter.

On appeal, defendant maintained that it was error for the trial court to instruct the jury on the offense of manslaughter. Defendant argued that if he was guilty of any crime it was murder. This court affirmed defendant's conviction, finding that the trial court did not err in giving the instruction on manslaughter. The court explained:

"In the case of *People v. Moore* the court said an instruction may properly be given that the accused may be found guilty of a lesser offense embraced in the crime charged if there is evidence on which to base the instruction even though there was also evidence that the crime charged was committed. The crime of manslaughter is embraced in a charge of murder, and the accused may be found not guilty of murder and convicted of manslaughter. It is undoubtedly true that when the charge is murder and the evidence conclusively shows the crime committed was murder it would not be proper to instruct that the accused might be found guilty of a lesser offense, but where the homicide was committed during a fight or quarrel suddenly arising it is not always conclusive that the crime was murder or nothing. Under the circumstances the proof shows at-

tended the killing of Motley, we think it was not improper for the court to instruct as it did on the subject of manslaughter." *White*, 311 Ill. at 363-64.

In *People v. Brown*, 415 Ill. 23 (1953), defendant was indicted and tried for the murder of his wife. Defendant's sole defense at trial was that he was insane at the time of the killing. The jury received an instruction on involuntary manslaughter, and found defendant guilty of that crime. Defendant filed a motion for a new trial, urging that the trial court erred in giving the jury an instruction on involuntary manslaughter. The trial court denied the motion. On appeal, this court affirmed defendant's conviction. Noting that defendant consumed drugs far in excess of those prescribed for the condition from which he suffered, the court observed there was evidence to support the jury's finding that defendant had lost the power of reason and was incapable of any crime involving intent or malice. The court concluded that the trial court did not err in giving the instruction on involuntary manslaughter, and defendant would not be heard to complain that the jury convicted him of the lesser offense of involuntary manslaughter. See also *People v. Beil*, 322 Ill. 434, 440 (1926); *People v. Treger*, 320 Ill. 329, 331 (1926); *People v. Tokoly*, 313 Ill. 177, 185-86 (1924).

In *People v. Taylor*, 36 Ill. 2d 483 (1967), this court revisited the subject of jury instructions on lesser-included offenses. Defendant was indicted for murder, voluntary manslaughter and involuntary manslaughter. Witnesses for the State testified that defendant initiated a fight with the victim; the victim tripped and fell as he tried to escape; defendant got over the victim and struck him two or three times with a shiny object he had in his hand. Defendant testified that the victim was trying to pull defendant's girlfriend out of defendant's car. A fight ensued during which the victim threatened "to blow" defendant's "brains out" and reached for his pocket. De-

fendant then drew a knife out, and while they were wrestling, inflicted the wounds that led to the victim's death.

At the conclusion of the testimony, the trial judge inquired whether the defense wanted an instruction on manslaughter. Defense counsel responded that he was not requesting manslaughter instructions. Nothing in the record suggested that defense counsel's decision was reached without consultation with defendant. The jury found defendant guilty of murder.

On appeal, defendant maintained that the judgment must be reversed because the trial judge did not instruct the jury or submit a form of verdict on manslaughter. In rejecting defendant's contention, this court observed:

"Many decisions of this court have stated that '*** if there is any evidence in the record which, if believed by the jury, would reduce a charge of murder to manslaughter, an instruction defining that crime should be given. (*People v. Brown*, 415 Ill. 23; *People v. Newman*, 360 Ill. 226; *People v. Beil*, 322 Ill. 434; *People v. Tokoly*, 313 Ill. 177.)' (*People v. Harris*, 8 Ill. 2d 431, 434). Under these authorities it is immaterial that the defendant did not request a manslaughter instruction, or objected to it.

On the other hand it has been held that the failure to give a manslaughter instruction cannot be asserted as a ground for reversal in a reviewing court unless such an instruction has been requested. (*People v. Weisberg*, 396 Ill. 412; *People v. Harrison*, 395 Ill. 463, 477.) The reason for this rule was thus stated in *People v. Lucas*, 244 Ill. 603, 614: 'No such instructions having been asked by plaintiff in error, the court had a right to assume that plaintiff in error preferred to submit the case to the jury in such way that the jury would be compelled to find the defendants guilty of murder or not guilty. It was the right of plaintiff in error to submit that question to the jury and require the jury to pass on the question of his guilt or innocence of the crime of murder, and it was not the duty of the court to submit issues and questions to the jury which the parties, by their action, said they did not desire passed upon.' "
*Taylor*, 36 Ill. 2d at 488.

The court explained, however, that a defendant does not have a "right" to compel a jury to consider only the greater offense where there is proof to support a lesser-included offense:

"To speak of the 'right' of a defendant to require the jury to pass only upon his guilt or innocence of murder is misleading. If a jury trial is waived, the judge determines from the evidence whether the defendant is guilty of murder or of some lesser included offense, and the defendant has no 'right' to restrict the judge's determination to the question of his guilt or innocence of murder. [Citation.] And if the evidence would support a verdict of manslaughter, a defendant will not be heard to complain that a manslaughter instruction was given, even though he did not request it. 'Where the record contains evidence upon which a verdict of manslaughter may be returned, the fact that the evidence would have justified the jury in finding the defendant guilty of murder is not a matter of which he can complain.' [Citations.] It is only where the evidence establishes that the defendant is guilty of murder or is not guilty, as for example in cases in which the defense is alibi, or mistaken identity, that a defendant may be said to have a right not to have the jury charged as to lesser included offenses.

\*\*\* 'The general statement contained in the cases, that a manslaughter instruction should be given where there is evidence justifying it, must be understood in the sense the duty exists when such instruction is offered by either side, when the circumstances justify it, but does not apply to cases where no instructions for manslaughter are offered in the case. The failure to give an instruction for manslaughter where none was tendered is not error.' [Citation.]" *Taylor*, 36 Ill. 2d at 488-89.

The court concluded that "when the evidence in a murder case would support a verdict of manslaughter, and the defendant does not request a manslaughter instruction, the giving of such an instruction is committed to the discretion of the trial judge." *Taylor*, 36 Ill. 2d at 489.

The court then set forth certain guidelines to be used

by the trial court in determining whether or not to give an instruction on the lesser-included offense:

> "In exercising his discretion it is appropriate for the judge to consider that from the point of view of the public interest in the punishment of wrongdoers, one whose conduct is unlawful should not escape punishment altogether because a jury does not believe that he is guilty of the greater offense. It is also appropriate for him to consider that from the defendant's point of view, the likelihood of a compromise conviction may be enhanced if the jury is permitted to consider successive offenses involving lesser degrees of criminality. In reaching his conclusion it is not impermissible for the judge to give weight to the views of the prosecution and defense as indicated by their requests for instructions." *Taylor*, 36 Ill. 2d at 491.

The court thus recognized that a determination by the trial court to give an instruction on a lesser-included offense affects the interest of society in achieving justice, and the interest of the defendant in averting a compromise verdict.

The court in *Taylor* also declined defendant's invitation to adopt a rule requiring a trial judge to instruct as to both the greater and the lesser offenses whenever the evidence would sustain either verdict. Recognizing that other jurisdictions had imposed such a requirement by statute or by court decision, the court observed:

> "[W]e are not sufficiently persuaded that we are willing to eliminate by judicial decision an established procedure that has long been considered to operate for the benefit of those accused of crime." *Taylor*, 36 Ill. 2d at 491.

The court chose to abide by the discretionary practice, noting that "[w]hen the evidence will support either charge and the prosecution does not tender an instruction on the lesser offense, the defendant has a choice, subject to the judge's authority to instruct [*sua*] *sponte*, of submitting one or both instructions." *Taylor*, 36 Ill. 2d at 490.

On this issue of judicial discretion, we observe that

our appellate court correctly followed *Taylor* in *People v. Sinnott*, 226 Ill. App. 3d 923, 925 (1992). The facts in *Sinnott* are strikingly similar to those in the present case. The defendant was charged with possession of a controlled substance with intent to deliver. At the instructions conference, defense counsel informed the trial court that he had discussed the matter with defendant, and defendant did not wish to submit instructions on the uncharged included offense of possession of a controlled substance. *Sinnott*, 226 Ill. App. 3d at 927. Nevertheless, the trial court determined that it was necessary to instruct the jury on the lesser-included offense. Over defendant's objection, the trial court submitted an instruction to the jury on possession of a controlled substance. The jury found defendant guilty of the lesser-included offense. *Sinnott*, 226 Ill. App. 3d at 927.

Citing *Taylor*, the court held that the trial court had the discretion to instruct, *sua sponte*, on uncharged lesser-included offenses, despite defendant's objection. *Sinnott*, 226 Ill. App. 3d at 931-32. The court observed that defendant could not "expect to escape punishment for admitted possession of controlled substances merely because (1) the State charged him only with a greater offense, and (2) the jury was not convinced he was guilty of the charged offense, *i.e.*, possession with intent to deliver." *Sinnott*, 226 Ill. App. 3d at 931. See also *People v. Pierce*, 52 Ill. 2d 7, 11 (1972) (trial court did not err in instructing the jury as to the crime of manslaughter over defense counsel's objection); *People v. McCrory*, 25 Ill. 2d 213, 216 (1962) (where the record did not contain a clear indication as to which party tendered an instruction on involuntary manslaughter, and defendant filed an additional abstract purporting to show that the instruction was given by the trial court over defendant's objection, this court said it did not have to determine from whence the instruction came since the instruction was proper in

light of the evidence); *People v. Leppert*, 105 Ill. App. 3d 514, 517-18 (1982) (in prosecution for attempted murder, trial court was not required to give, *sua sponte*, an instruction on aggravated battery); *People v. Lewis*, 97 Ill. App. 3d 982, 988 (1981) ("[f]ailure to instruct the jury on the lesser-included offense of voluntary manslaughter could have benefited defendant by removing the possibility that weak jurors would render a compromise verdict, or that malicious jurors would take a middle ground even though self-defense was demonstrated"); *People v. Mullen*, 80 Ill. App. 3d 369, 376-77 (1980) (trial judge's failure to give *sua sponte* an instruction on the lesser-included offense of contributing to the sexual delinquency of a child was not a denial of defendant's right to a fair trial); *People v. Rosas*, 52 Ill. App. 3d 555, 558 (1977) (trial court did not err in failing to give *sua sponte* over defendant's objections any instructions on voluntary manslaughter); *People v. Hall*, 25 Ill. App. 3d 992, 1001 (1975); *People v. Mitchell*, 12 Ill. App. 3d 960, 964-65 (1973).

We find no reason to depart from the rule that the trial court has the discretion to instruct the jury, *sua sponte*, on a lesser-included offense. As this court observed in *People v. Novak*, 163 Ill. 2d 93, 105 (1994), "[a] lesser included offense is a valuable tool for a defendant, a prosecutor, and society generally. For a defendant, an instruction on a lesser included offense provides an important third option to the jury. *** For a prosecutor, a defendant may not automatically go free if the evidence fails to prove an essential element of the greater offense. For society, the punishment that it imposes on a criminal may conform more accurately to the crime actually committed." We agree with the appellate court's observation in *Sinnott* that *Taylor* represents the proper "view of the judge's role in determining whether instructions on an uncharged included offense should be given

over a defendant's objection." *Sinnott*, 226 Ill. App. 3d at 930.

Further, allowing the trial court to instruct the jury, *sua sponte*, on a lesser-included offense comports with the notion that the trial court may give an instruction, requested by the State, on a lesser-included offense despite defendant's objection. See *People v. Harris*, 8 Ill. 2d 431, 434 (1956) (trial court did not err in giving manslaughter instructions tendered by State); *People v. Griswold*, 405 Ill. 533, 542 (1950) (same); *People v. Ivory*, 217 Ill. App. 3d 619, 622-25 (1991) (in prosecution for armed robbery, trial court did not err by instructing the jury, at the State's request, on the lesser-included offense of robbery); *People v. Falkner*, 131 Ill. App. 3d 706, 710-13 (1985) (where defendant claimed self-defense, State had a right to request and receive a voluntary manslaughter instruction); *People v. Nicholson*, 61 Ill. App. 3d 621, 624-25 (1978) (where victim's statement could be interpreted as saying that she was unsure defendant was armed, trial court did not err in instructing the jury on the lesser-included offense of robbery).

The appellate court in the present case, nevertheless, relied upon this court's decisions in *People v. Brocksmith*, 162 Ill. 2d 224 (1994), and *People v. Barnard*, 104 Ill. 2d 218 (1984), for the proposition that a trial court may not instruct a jury, *sua sponte*, on a lesser-included offense. The appellate court's invocation of *Brocksmith* is centered around this court's holding that the decision to tender a lesser-included offense instruction ultimately belongs to a defendant as opposed to defense counsel. *Brocksmith*, 162 Ill. 2d at 229-30. The appellate court noted this court's statement that:

" 'we believe that the decision to tender a lesser included offense is analogous to the decision of what plea to enter, and that the two decisions should be treated the same.' *Brocksmith*, 162 Ill. 2d at 229." 292 Ill. App. 3d at 690.

The appellate court then connected the statement with

this court's conclusion in *People v. Ramey*, 152 Ill. 2d 41, 54 (1992), that the decision of what plea to enter belongs exclusively to the defendant. 292 Ill. App. 3d at 690. The appellate court reasoned that: "if the two decisions are to be treated the same, we cannot allow a trial court to *sua sponte* submit an included-offense instruction over defendant's objection. An equivalent ruling in a pretrial setting would have the trial court deciding how a defendant is to plead." 292 Ill. App. 3d at 690. See also *People v. Gramc*, 271 Ill. App. 3d 282, 287 (1995).

Defendant's argument in this court mirrors the reasoning of the appellate court. He believes that he has control over what plea to enter, and should have control, unfettered by the trial court's discretion, over instructions on lesser-included offenses. He maintains that, if the right to submit jury instructions on a lesser-included offense belongs to him and not defense counsel, it stands to reason that the trial judge should not have a greater right than defense counsel to submit such an instruction to the jury against defendant's wishes.

We find defendant's contentions unpersuasive. First, defendant's reliance upon *Brocksmith* is misplaced. In *Brocksmith*, this court considered whether the decision to tender a lesser-included offense instruction should be made by a defendant or his counsel. The court held that it should be "defendant's decision to submit an instruction on a lesser charge at the conclusion of the evidence." *Brocksmith*, 162 Ill. 2d at 229.[1] Thus, as between defendant and his counsel, defendant is to make a choice regarding the lesser-included offense instruction. The question of the trial court's authority to submit instruc-

---

[1]But see *Brocksmith*, 162 Ill. 2d at 230 (Freeman, C.J., specially concurring) ("the decision to tender a lesser included offense instruction is a matter of trial strategy and, therefore, properly rests with defense counsel after full consultation with defendant").

tions to the jury, *sua sponte*, on a lesser-included offense was not at issue. The court did not hold, or even intimate, that the trial court no longer had discretionary authority to instruct a jury, *sua sponte*, on a lesser-included offense. Simply stated, the holding in *Brocksmith* has no bearing on the trial court's discretionary authority to instruct *sua sponte.*

Second, as the State aptly points out, under defendant's rationale, where the evidence establishes both the greater and lesser offenses, and the State requests an instruction on the lesser-included offense, defendant's objection to that instruction would control and therefore prohibit the court from so instructing the jury. Such an expansion of *Brocksmith* is inconsistent with established authority. See *Harris*, 8 Ill. 2d at 434; *Griswold*, 405 Ill. at 542; *Ivory*, 217 Ill. App. 3d at 622-25; *Falkner*, 131 Ill. App. 3d at 710-13; *Nicholson*, 61 Ill. App. 3d at 624-25.

Defendant's reliance upon *Barnard* is equally flawed. In *Barnard*, the defendant was charged with murder and armed violence. Defendant's strategy at trial was to establish that he had killed the deceased in self-defense and defense of dwelling. During the instruction conference, the court asked defense counsel if he had an issues instruction on murder which contained the element of justification. Defense counsel replied that he did, but asked if the court gave his instruction would the court automatically give an instruction on manslaughter. The court asked defense counsel if he was making a motion to that effect. Defense counsel said that he was not, and he withdrew his instruction. *Barnard*, 104 Ill. 2d at 231. The jury convicted defendant of murder.

On appeal, defendant argued that the trial court should have *sua sponte* given a self-defense and voluntary-manslaughter instruction. In rejecting defendant's argument, this court stated:

"Also, we find that under these circumstances the court was not under an obligation to give a self-defense and a

manslaughter instruction *sua sponte*. The burden of preparing instructions is primarily on the parties and not the trial court. Generally, the trial court is under no obligation either to give instructions or to rewrite instructions tendered by counsel. A party may not raise on appeal the failure to give an instruction unless he shall have tendered it." *Barnard*, 104 Ill. 2d at 232.

Since defendant had not tendered a voluntary manslaughter instruction to the trial court, defendant could not claim error in the trial court's failure to submit such an instruction to the jury.

The court then stated:

"The trial judge was well aware of defense counsel's reluctance to have the jury given an instruction on manslaughter. It would therefore not have been proper for the judge to interfere with defense counsel's strategy and give the self-defense and voluntary-manslaughter instruction *sua sponte*." *Barnard*, 104 Ill. 2d at 232.

This statement, although *dicta*, has been cited for the proposition that a trial court may not instruct a jury *sua sponte*. *Gramc*, 271 Ill. App. 3d at 290. See also *People v. Sowinski*, 148 Ill. App. 3d 231, 247 (1986); *People v. Strohl*, 118 Ill. App. 3d 1084, 1091 (1983); *People v. Gore*, 72 Ill. App. 3d 171, 174 (1979) (all citing *People v. Spataro*, 67 Ill. App. 3d 69, 74-75 (1978), for the same proposition). We believe this interpretation is incorrect. *Barnard* recognized that a "court should exercise restraint in giving instructions on its own motion when the instructions could interfere with defense strategy." *Sinnott*, 226 Ill. App. 3d at 932. Stated in other words, "where the defense wholly refrained from tendering an instruction on a lesser included offense, the possibility that such restraint may have been a viable strategy decision militates against [the court] invoking any exceptions to the waiver doctrine," and finding error in the trial court's failure to instruct the jury on the lesser-included offense. *Lewis*, 97 Ill. App. 3d at 988; see also *Taylor*, 36 Ill. 2d at 491 (in reaching its conclusion that the trial

judge was not required to give a manslaughter instruction, this court observed that "the decision of the defendant's attorney not to request manslaughter instructions was clearly stated in response to the trial judge's inquiry"); *Mullen*, 80 Ill. App. 3d at 377 (trial judge's failure to give *sua sponte* an instruction on the lesser-included offense was not error; a finding of guilt on the lesser-included offense would not have comported with trial counsel's view of a desirable resolution of the case). However, *Barnard* did not overrule *Taylor*. The court in *Barnard* merely expressed the view that it is not error for a trial court to refrain from giving an instruction to the jury which might interfere with defense strategy.

As this court recognized in *Taylor*, in exercising his discretion to submit an instruction on a lesser-included offense, "it is not impermissible for the judge to give weight to the views of the prosecution and defense as indicated by their requests for instructions." *Taylor*, 36 Ill. 2d at 491. However, it is also appropriate that the trial court take into consideration society's interest in punishing the defendant for a crime, no more, no less, than the crime actually committed. The trial judge must transcend the limitations of the adversarial system and give instructions which safeguard justice, society's interest in avoiding the unjustified exoneration of wrongdoers and in punishing a defendant only to the extent of his crime.

The cogent policy considerations outlined in *Taylor* are controlling in this case. Moreover, these considerations have been recognized by numerous courts around the nation, providing additional support for our resolution of this question. See *Glover v. State*, 273 Ark. 376, 382, 619 S.W.2d 629, 632 (1981) (lesser-included offense instruction "should be given to the jury in appropriate cases even over the defendant's objection"); *State v. Pan-*

*kratz*, 238 Minn. 517, 539, 57 N.W.2d 635, 647 (1953) ("defendant may not demand as a matter of right that the court submit only the degree of the crime charged in the indictment"); *State v. White*, 244 Neb. 577, 591, 508 N.W.2d 554, 566 (1993) ("[t]he trial court may instruct a jury, over a defendant's objection, on any lesser-included offenses supported by the evidence and the pleadings"); *State v. Howell*, 649 P.2d 91, 95 (Utah 1982), citing *Taylor*, 36 Ill. 2d 483 ("Clearly the State has no legitimate interest in obtaining a conviction for a crime greater than that warranted by the evidence, but neither does the defendant have a right to an acquittal when the evidence, although not sufficient to establish the greater crime, is sufficient to establish a lesser included offense"); *State v. Mora*, 558 P.2d 1335, 1337 (Utah 1977) ("It is undoubtedly within the prerogative of the trial court to submit included offenses if he thinks that the interest of justice so require").

Based on the foregoing, we reaffirm today that, under appropriate circumstances, a trial court possesses the discretion to instruct a jury *sua sponte* on lesser-included offenses, even where the State does not request such instruction and the defendant objects.

The dissent attempts to distinguish *Taylor*, stating:

> "In *Taylor*, no instruction was given because the defendant did not request one. *** Consequently, *Taylor*'s extended discussion of the trial court's authority to give or withhold a lesser-included offense instruction, whether at a defendant's request or over a defendant's objection, is *dicta* and therefore not binding in this case." 188 Ill. 2d at 287.

The dissent acknowledges, however:

> "that the portions of *Taylor* upon which the majority relies are *dicta* does not, by itself, subvert the majority's analysis. It could be that those portions, albeit *dicta*, also happen to be right." 188 Ill. 2d at 287.

Nevertheless, the dissent believes that *Barnard*, a case decided in 1984, controls and reached a conclusion con-

trary to that suggested in *Taylor.* According to the dissent,

> "*Barnard* addressed the precise question presented in the present appeal: whether, over a defendant's objection, a trial court may instruct on an uncharged lesser-included offense. *Barnard* answered this question in the negative, and *Barnard* therefore should dispose of this case." 188 Ill. 2d at 288.

With due respect, the dissent is mistaken. *Barnard* did not address the issue presented in this case. As noted above, the defendant in *Barnard* did not submit an instruction to the trial court on manslaughter, and the court did not give such an instruction. Hence, on appeal defendant argued that the trial court "should have *sua sponte* given a \*\*\* voluntary-manslaughter instruction." *Barnard,* 104 Ill. 2d at 231. In the present case, the trial court gave an instruction, over defendant's objection, on the lesser-included offense of possession of a controlled substance. In light of these disparate facts, we must disagree with the dissent's conclusion. As noted above, *Barnard* did not overrule *Taylor*, and is not dispositive.

Furthermore, *Taylor* is not the only decision supporting our opinion. Instead, our opinion today is based on a long-standing line of cases holding that a trial court has discretion to instruct the jury on a lesser-included offense. See, *e.g., Brown,* 415 Ill. 23; *White,* 311 Ill. 356. The trial court may exercise that discretion *sua sponte* or at the request of the State, even though the defendant has objected to the instruction.

Next, we consider whether the trial court properly exercised its discretion in submitting the lesser-included offense instruction to the jury. We observe that the "abuse of discretion" standard of review must be applied in determining the propriety of the trial court's action. *People v. Jones,* 175 Ill. 2d 126, 131-32 (1997); *People v. Crane,* 145 Ill. 2d 520 (1991); *People v. Leach,* 398 Ill. 515, 527-28 (1947).

As this court stated in *Novak*, 163 Ill. 2d at 108, an instruction is appropriate if the evidence would permit a jury rationally to find the defendant guilty of the lesser-included offense and acquit of the charged greater offense. See *Keeble v. United States*, 412 U.S. 205, 208, 36 L. Ed. 2d 844, 847, 93 S. Ct. 1993, 1995 (1973). An instruction on the lesser-included offense is appropriate where the charged greater offense requires the jury to find a disputed factual element that is not required for conviction of the lesser-included offense. *Novak*, 163 Ill. 2d at 108. This evidentiary requirement "is usually satisfied by the presentation of conflicting testimony on the element that distinguishes the greater offense from the lesser offense. However, where the testimony is not conflicting, this requirement may be satisfied if the conclusion as to the lesser offense may fairly be inferred from the evidence presented." *Novak*, 163 Ill. 2d at 108, citing *United States v. Medina*, 755 F.2d 1269, 1273 (7th Cir. 1985). Importantly, the court in *Novak* stated that:

"[t]he amount of evidence necessary to meet this factual requirement, *i.e.*, that tends to prove the lesser offense rather than the greater, has been described as 'any,' 'some,' 'slight,' or 'very slight.' " *Novak*, 163 Ill. 2d at 108-09.

Our review of the record in the present case reveals that the evidence presented at trial supported the inference that defendant was guilty of the lesser-included offense of possession of a controlled substance. Defendant admitted to the police upon arrest that he was the Rolando Garcia sought by authorities; that he resided at the address for which the search warrant was executed; and that he had prior knowledge that police had visited his residence. The evidence further established that the police found the cocaine in defendant's apartment, hidden in a box containing some mail and traffic citations issued to defendant. In our view, the foregoing was more than enough to support an instruction on the lesser-included offense of possession of a controlled substance.

Moreover, in light of the policy considerations stressed in *Taylor*, it would be unjust for defendant to escape punishment for possession of a controlled substance merely because the prosecution charged him with the greater offense of possession with intent to deliver, and the jury was persuaded that defendant was guilty of the lesser-included offense rather than the charged offense. We, therefore, hold that the trial court did not abuse its discretion by instructing the jury, *sua sponte*, on possession of a controlled substance.

## CONCLUSION

We conclude that the trial court properly exercised its discretion by providing instructions to the jury on the lesser-included offense, despite defendant's objection. The judgment of the appellate court is therefore reversed, and the judgment of the circuit court is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*

JUSTICE BILANDIC, dissenting:

I respectfully dissent. Trial courts should not have the discretion to give a lesser-included offense instruction *sua sponte* over the objection of the defendant. The decision to tender a lesser-included offense instruction is a matter of defense trial strategy. Although such an instruction may often be beneficial to the defendant, it may also work to the defendant's detriment by allowing the jury to reach a compromise verdict. If the defense chooses to forgo a lesser-included offense instruction and gamble that the jury will acquit the defendant rather than convict on the greater charge, the trial court should not have the authority to overrule that strategic decision.

JUSTICE RATHJE, also dissenting:

The responsibility for securing a criminal conviction

no longer belongs to the prosecution; it now belongs to the judiciary. No longer neutral arbiters, trial courts may now serve as independent grand juries, combing the record for chargeable offenses that the State either overlooked or chose not to charge. Were this result compelled by the law, I would have no choice but to concur. Fortunately, the law compels no such thing. To reach its result, the majority treats *dicta* as controlling authority, lays waste to *Barnard*, and ignores the strategic realties associated with the prosecution of criminal cases. I therefore dissent.

## DICTA

The question in this case is whether a trial court may instruct the jury *sua sponte* on a lesser-included offense, where the State does not request and the defendant objects to that instruction. The case upon which the majority primarily relies, *People v. Taylor*, 36 Ill. 2d 483 (1967), in no way resolves this issue.

In *Taylor*, the defendant was convicted of murder. On appeal, he argued that, because the evidence would have supported a manslaughter conviction, the trial court was required to give that instruction *sua sponte* even though he did not request it. In rejecting the defendant's argument, this court explained that, "when the evidence in a murder case would support a verdict of manslaughter, and the defendant *does not request a manslaughter instruction*, the giving of such an instruction is committed to the discretion of the trial judge." (Emphasis added.) *Taylor*, 36 Ill. 2d at 489. Because "the trial court was not required to give a manslaughter instruction and since the defendant did not request one, there [was] no error of which he can complain." *Taylor*, 36 Ill. 2d at 491. Consequently, the defendant's murder conviction was affirmed. *Taylor*, 36 Ill. 2d at 492. This decision represented "no more than an application of the familiar procedural rule that error cannot be assigned in a reviewing court

with respect to a matter upon which the trial court was not called upon to rule." *Taylor*, 36 Ill. 2d at 489.

The majority does a great deal of block-quoting from *Taylor* (188 Ill. 2d at 280-85), but the quoted portions of *Taylor* are, without exception, pure *dicta*. In *Taylor*, no instruction was given because the defendant did not request one. *Taylor*'s holding is that, where a defendant does not request an instruction on an uncharged lesser-included offense, he cannot challenge on appeal the trial court's failure to give that instruction. Consequently, *Taylor*'s extended discussion of the trial court's authority to give or withhold a lesser-included offense instruction, whether at a defendant's request or over a defendant's objection, is *dicta* and therefore not binding in this case. See *Greer v. Kadera*, 173 Ill. 2d 398, 414 (1996).

## BARNARD

Of course, that the portions of *Taylor* upon which the majority relies are *dicta* does not, by itself, subvert the majority's analysis. It could be that those portions, albeit *dicta*, also happen to be right. The problem with that proposition, however, is that, 17 years after *Taylor*, this court addressed *the precise issue presented in this case* and reached a conclusion contrary to that suggested in *Taylor*.

In *People v. Barnard*, 104 Ill. 2d 218 (1984), the issue presented was whether defendant's counsel on direct appeal was ineffective for failing to raise the trial court's failure to instruct the jury *sua sponte* on a lesser-included offense over the defendant's objection. In holding that appellate counsel was not ineffective, this court explained that the proffered argument was without merit:

"The trial judge was well aware of defense counsel's reluctance to have the jury given an instruction on manslaughter. It would therefore *not have been proper* for the judge to interfere with defense counsel's strategy and give the self-defense and voluntary-manslaughter instruction

*sua sponte."* (Emphasis added.) *Barnard,* 104 Ill. 2d at 232.

Thus, unlike *Taylor, Barnard* addressed the precise question presented in the present appeal: whether, over a defendant's objection, a trial court may instruct on an uncharged lesser-included offense. *Barnard* answered this question in the negative, and *Barnard* therefore should dispose of this case.

The majority's efforts to explain away *Barnard* are unavailing. The majority's first strategy is to intimate that, if the portions of *Taylor* upon which it relies are *dicta,* then the portion of *Barnard* upon which I rely must be *dicta,* too. 188 Ill. 2d at 281. The only problem is that, unlike the aforementioned portions of *Taylor,* which endeavor to adjudicate an issue not presented, the portion of *Barnard* upon which I rely is *the court's judgment.* The issue in *Barnard* was whether defendant's counsel on direct appeal was ineffective for failing to raise the trial court's failure to instruct. In holding that appellate counsel was not ineffective, this court gave two reasons for why the proffered argument would not have succeeded on direct appeal: (1) because trial counsel's decision not to tender the instructions was a matter of sound trial strategy, it would have been improper for the trial court to interfere with that strategy; and (2) because trial counsel did not tender the instruction, the issue would likely have been found waived. *Barnard,* 104 Ill. 2d at 232. Where the *dicta* comes in, I have no idea.

The majority next asserts that *"Barnard* recognized that a 'court should exercise restraint in giving instructions on its own motion when the instructions could interfere with defense strategy.' *Sinnott,* 226 Ill. App. 3d at 932." 188 Ill. 2d at 280. Hyperbole aside, this is perhaps the strangest citation I have ever seen. The majority purports to quote from *Barnard* but then cites an appellate court opinion decided eight years after *Barnard* that itself does not cite *Barnard.* I have been out of law

school a long time, but surely the Bluebook does not permit this.

As if the *Sinnott* citation were not suspicious enough, the majority then, using the simple phrase "in other words," recasts *Barnard* beyond all recognition. Again, *Barnard* states:

> "The trial judge was well aware of defense counsel's reluctance to have the jury given an instruction on manslaughter. It would therefore *not have been proper* for the judge to interfere with defense counsel's strategy and give the self-defense and voluntary-manslaughter instruction *sua sponte*." (Emphasis added.) *Barnard*, 104 Ill. 2d at 232.

To the majority, this is simply another way of saying:

> " 'where the defense wholly refrained from tendering an instruction on a lesser-included offense, the possibility that such restraint may have been a viable strategy decision militates against [a reviewing court] invoking any exceptions to the waiver doctrine.' " 188 Ill. 2d at 280, quoting *People v. Lewis*, 97 Ill. App. 3d 982, 988 (1981).

How a categorical prohibition on the trial court's authority to instruct the jury on an uncharged lesser-included offense over the defendant's objection is in any way related to, let alone synonymous with, a reviewing court's authority to suspend waiver principles is beyond me. Nor does the majority provide any explanation, apparently content to leave it to the reader to discern the relationship between the two doctrines. In "other words," indeed.

Finally, the majority attempts to circumvent *Barnard* by stating:

> "*Barnard* did not overrule *Taylor*. The court in *Barnard* merely expressed the view that it is not error for a trial court to refrain from giving an instruction to the jury which might interfere with defense strategy." 188 Ill. 2d at 281.

Let me say that I agree entirely with the majority that *Barnard* did not overrule *Taylor*. The reason for this is that the rule set forth in *Taylor*—that a defendant who

does not request a lesser-included offense instruction cannot argue on appeal that that instruction should have been given—is irrelevant to *Barnard*. As I explained above, the issues in *Taylor* and *Barnard* are unrelated. Consequently, the *Barnard* court would have no reason to *mention Taylor*, let alone overrule it.

That said, when did this court begin "expressing views"? I thought we issued controlling opinions. *Barnard* did not "merely express[ ] the view that it is not error for a trial court to refrain from giving an instruction to the jury which might interfere with defense strategy." 188 Ill. 2d at 281. In fact, this language nowhere appears in *Barnard*. What *Barnard did* was *hold* that:

> "The trial judge was well aware of defense counsel's reluctance to have the jury given an instruction on manslaughter. It would therefore *not have been proper* for the judge to interfere with defense counsel's strategy and give the self-defense and voluntary-manslaughter instruction *sua sponte.*" (Emphasis added.) *Barnard*, 104 Ill. 2d at 232.

In sum, in *Barnard*, this court directly addressed the question presented in this appeal and concluded that it is improper for a trial court to instruct the jury on an uncharged lesser-included offense over a defendant's objection. The majority offers no compelling explanation for abandoning *Barnard* in favor of an unrelated decision rendered 17 years earlier.

### TRIAL STRATEGY

I have no doubt that *Barnard* compels an affirmance in this case. But that begs the question: Was *Barnard* correctly decided? It may be that the majority, without expressly saying so, is simply overruling *Barnard* in favor of a new and more workable rule. I doubt this, however, as the public policy that informed *Barnard* remains sound.

*Barnard* explicitly recognized that the decision to tender a lesser-included offense instruction is a matter of

trial strategy. *Barnard*, 104 Ill. 2d at 231-32. Perhaps the best statement of the strategic nature of this decision, however, is that articulated by Chief Justice Freeman in his special concurrence in *People v. Brocksmith*, 162 Ill. 2d 224 (1994), which deserves to be quoted at length:

> "*The decision to tender a lesser included offense instruction is \*\*\* a matter of trial strategy. (People v. Palmer* (1989), 188 Ill. App. 3d 414, 428.) *It is a calculated risk on the part of defense counsel* based on his or her assessment of the evidence and the perceived likelihood the jury will convict the defendant rather than acquit altogether. If the instruction is given to a jury that would have chosen to acquit on the greater offense, then counsel has effectively subjected defendant to the risk of conviction on an uncharged offense when the client might otherwise have avoided any conviction. Alternatively, if defense counsel fails to request the instruction defendant may be found guilty of the greater offense because the jury, in considering closely balanced evidence, believed it should find defendant guilty of a crime under the circumstances. *It is these types of strategic calculations that a court will not second-guess.* See *People v. Barnard* (1984), 104 Ill. 2d 218, 232; *People v. Chapman* (1981), 94 Ill. App. 3d 602, 608." (Emphasis added.) *Brocksmith*, 162 Ill. 2d at 232-33 (Freeman, J., concurring). [2]

Notably, *Chapman* held that, in light of the strategic nature of the decision to tender a lesser-included offense instruction, "it may be reversible error for the trial court to instruct the jury *sua sponte* on a lesser-included offense." *Chapman*, 94 Ill. App. 3d at 608.

In the above passage, Chief Justice Freeman astutely dissects what the majority fails to recognize: how to instruct the jury is a strategic decision that properly

---

[2]Admittedly, the majority in *Brocksmith* concluded that the decision to tender a lesser-included offense instruction belongs to *defendant*, rather than defense counsel. Nevertheless, Chief Justice Freeman's analysis of the strategic considerations that enter into that decision remains sound, irrespective of who actually makes the decision.

belongs to the parties. The facts of the present appeal demonstrate this principle perfectly. The State charged defendant with possession with the intent to deliver, and the evidence was close. The State could have, *but chose not to*, charge defendant with the lesser-included offense of simple possession. Similarly, defendant could have, *but chose not to*, instruct the jury on simple possession. Both of these decisions were likely based on strategic calculations designed to minimize the possibility of a compromise verdict. The State likely believed that it had presented a sufficient case and did not want to jeopardize its potential conviction on the greater offense. Defendant, by contrast, likely believed that the State had *not* proven the crime charged beyond a reasonable doubt and did not want to jeopardize his potential acquittal. As Chief Justice Freeman taught, "[i]t is these types of strategic calculations that a court will not second-guess." *Brocksmith*, 162 Ill. 2d at 233 (Freeman, J., concurring).

## CONCLUSION

We are not the first court to consider this question. Faced with the same issue, the Supreme Court of Nebraska reached the same conclusion as that reached by today's majority. See *State v. Foster*, 230 Neb. 607, 433 N.W.2d 167 (1988). *Foster* was not unanimous, however, and Justice White wisely chronicled the dangers inherent in the majority's rule:

> "Under the majority's view the burden on the prosecutor to correctly charge the defendant with the proper crimes and to prove those charges has been shifted to the court. In essence, the prosecutor would not be required to charge the defendant with a crime capable of proof, but so long as some evidence of a lesser charge was presented, the court would be allowed to decide whether a lesser-included offense should be submitted to a jury or to consider itself as a factfinder. In my view the court becomes an active participant in the process instead of a disinterested presiding judge. I submit that this active participation offends

notions of fairness and due process."[3] *Foster*, 230 Neb. at 612, 433 N.W.2d at 170 (White, J., dissenting). Upon this I cannot improve.

JUSTICE HARRISON joins in this dissent.

---

[3]Whether the bringing of criminal charges by the judiciary offends separation of powers principles is a question best left for another day, as the parties in this appeal do not raise that question. See *People v. Novak*, 163 Ill. 2d 93, 113 (1994) ("It is settled 'that the State's Attorney, as a member of the executive branch of government, is vested with *exclusive jurisdiction* in the initiation and management of a criminal prosecution. [Citations.] That discretion includes the decision whether to prosecute at all, *as well as to choose which of several charges shall be brought*'" (emphasis added)); *People ex rel. Daley v. Moran*, 94 Ill. 2d 41, 46 (1983) ("A trial judge cannot, consistent with the constitutional principle of separation of powers, assume the role of prosecutor and determine which criminal offense shall be charged").